IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH HARVEY,<br><br>　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　Defendants. | No. 3:21-CV-00004-X-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is non-party Anja K. Kannell's renewed *pro se* motion (ECF No. 197) seeking leave to proceed in this civil action in place of her deceased husband, Plaintiff Joseph Harvey. Because Kannell has not met her burden under Rule 25(a) to show she is a proper party, the Court should DENY her motion and DISMISS Harvey's claims.

**Background**

From April 2008 to September 2011, Harvey and Kannell engaged in a fraudulent scheme to steal other people's identities, including names, birth dates and social security numbers, and then use that information to file fraudulent claims for money with various disaster relief agencies. In 2012, a jury in the United States District Court for the Southern District of Florida found them guilty of mail fraud (14 counts), wire fraud (16 counts), access device fraud (8 counts), and aggravated identity theft (4 counts), and the District Court sentenced them each to

159 months' imprisonment. *See* J. 4 (ECF No. 155), *United States v. Harvey et al*, Case No. 1:11-cr-20701-JLK-1 (S.D. Fl. Sep. 28, 2012). The Eleventh Circuit affirmed their convictions and sentences. *See generally United States v. Kannell*, 545 F. App'x 881 (11th Cir. 2013). In April 2020, the District Court granted the government's motion under 18 U.S.C. § 3582(c)(1)(A)(i) to reduce Harvey's sentence to time served based on his terminal medical condition and limited life expectancy. Ord. 1-2 (ECF No. 246), *Harvey,* Case No. 1:11-cr-20701-JLK-1 (S.D. Fl. April 20, 2020). Harvey died in Texas in June of 2021. Not. of Sugg. of Death (ECF No. 190). Kannell is still incarcerated in Florida. *See* Corresp. (ECF No. 200).

In 2015, Harvey and Kannell, proceeding *pro se* and *in forma pauperis*, filed this civil action in the Southern District of Florida asserting claims against various people involved in the investigation and prosecution of the criminal case against them, including Postal Inspector Claudia Angel. *See* Compl. (ECF No. 1). Because inmates are not permitted to join together in a single civil rights suit so as to share the mandatory filing fee, the Court required Harvey and Kannell to designate one plaintiff to proceed with the claims in this case. Ord. 1 (ECF No. 37) (citing *Hubbard v. Haley,* 262 F.3d 1194 (11th Cir. 2001)). Harvey filed an amended complaint naming himself as the only plaintiff (ECF No. 39), and the Court dismissed Kannell's claims without prejudice in November 2017 (ECF No. 40).

Then, in December 2020, the Florida court granted Harvey's motion to transfer the case here. Ord. (ECF No. 175). When this Court learned in July 2021 of Harvey's death, it entered an order staying and administratively closing the case

without prejudice to any nonparty's ability to file a motion to substitute under Rule 25(a). Ord. (ECF No. 192). In response, Kannell, proceeding *pro se*, sought permission to proceed in Harvey's place. Her renewed motion for substitution under Rule 25(a) is fully briefed and ripe for determination. Mot. (ECF No. 197).

## Legal Standards and Analysis

Rule 25(a) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a). But Rule 25 is procedural; whether a deceased party's claim has been "extinguished" and who is a "proper party" for substitution are questions of substantive law. *Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971). *See also* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7C Federal Practice and Procedure § 1952 (3d ed. 2007) ("Whether the death of a party extinguishes a claim for or against the party is not a question of procedure. It is a question of substance on which the state law ordinarily governs. In a federal-question case, federal law and federal decisions, rather than state law, determine whether the action survives the death of a party." (footnotes omitted)). Here, the government does not dispute that Harvey's claims survive his death, and the Court pretermits further consideration of this issue because Kannell has not met her burden under Rule 25(a) to show she is a proper party for substitution. *See Blassingill v. Reyes*, 2018 WL 4922442, at *2 (N.D. Tex. Sept. 18, 2018) (Ramirez, J.) (noting burden is on the substituting party to show she is a proper party under Rule 25), *rec. adopted*, 2018 WL 4913881 (N.D. Tex. Oct. 9, 2018).

A "motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a). Here, Kannell contends that she is a proper party under Rule 25(a) because she is Harvey's "surviving spouse/widow" and the mother of their sixteen-year-old daughter. Mot. 1. Executors, administrators, and primary distributees of a decedent-plaintiff's estate are proper parties under Rule 25. *See Janvey v. Adams*, 2014 WL 12834493, at *2 (N.D. Tex. Oct. 3, 2014) (Godbey, J.) (explaining that courts have generally interpreted Rule 25 to provide for substitution only of the decedent's legal representatives, but also noting that there is substantial support for interpreting Rule 25 to include primary distributees as proper parties for substitution). But a surviving relative with no other legal relationship to the deceased plaintiff is not necessarily a proper party. *Dukes v. Strand*, 2019 WL 2567687, at *2 (N.D. Tex. June 21, 2019) (Rutherford, J.); *see also Blassingill*, 2018 WL 4922442, at *2 (holding that a son was not a proper party to substitute for his deceased father where he failed to show his father died intestate or that the son was the personal representative of his father's estate)).

In Texas, an estate's representative is either the "'executor' if named in the will or the 'administrator' if the person dies intestate." *Dukes*, 2019 WL 2567687, at *2 (quoting *In re Seitz*, 430 B.R. 761, 762 (Bankr. N.D. Tex. 2010)); *see also* Tex. Est. Code § 22.031. And, in Texas, administrators are only established through court appointment. *Dukes*, 2019 WL 2567687, at *2 (citing *In re Estate of Huff*, 15 S.W.3d 301, 307 (Tex. App.—Texarkana 2000, no pet.)). Kannell does not claim to

4

be the executor of Harvey's estate; nor does she claim to have been appointed as an administrator. On the contrary, she claims that Harvey died "a poor, lonely, broken and homeless man owning nothing but the clothes on his back," Reply 1 (ECF No. 199), suggesting he died intestate and without sufficient assets to administer.

Some courts have interpreted Rule 25 to allow only a decedent's legal representatives to be substituted as a proper party. *See Janvey*, 2014 WL 12834493, at *2. But many courts have interpreted the 1963 amendments to Rule 25 as having broadened the scope of proper parties. *Id.*; *Sinito v. U.S. Dept. of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999) (citing *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969)) ("[T]he addition of the word 'successor' to [Rule 25] means that a proper party need not necessarily be the appointed executor or administrator of a deceased party's estate."). Based on the liberalization of Rule 25, many courts include primary distributees as proper parties for substitution. *Janvey*, 2014 WL 12834493, at *2. Here, however, Kannell has not shown she is a primary distributee of Harvey's estate. Indeed, she does not contend that Harvey's estate has been distributed or that she is a distributee—much less a primary distributee—of the estate. Rather, she explains that Harvey had three adult sons, who apparently are not her children, and she clarifies that she is "in no way contesting the rights of any of [his] children." *Id.* 2.

Kannell also appears to advance an equitable argument for her substitution under Rule 25. She states that, as Harvey's co-defendant in the underlying criminal

5

action, she lost a number of family heirlooms belonging to her deceased father as a result of Defendant Angel's alleged actions, rendering Angel's actions "just as damaging to [Kannell] as they were to Mr. Harvey." Reply (ECF No. 199). Thus, she asserts she is "merely attempting to recover a tiny percentage of the true value of the items [she] has lost forever." *Id.* Kannell appears to misunderstand the purpose of Rule 25. It is not a vehicle to join the action and pursue vindication of her own rights and interests, but rather to step into Harvey's position and pursue the litigation for the benefit of his estate or heirs. Thus, Kannell's assertions that she is a proper party under Rule 25 because she has her own interest in the case are inapposite.

Finally, the Court must deny Kannell's motion because she is not represented by a licensed attorney authorized to practice in this district nor has she shown that she is entitled to proceed *pro se*. *See Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016) (holding that a person who has capacity to represent an estate under a survival statute may do so *pro se* only "if [she] is the estate's sole beneficiary and there are no creditors").

## Conclusion

The Court should DENY non-party Kannell's renewed *pro se* motion (ECF No. 197) to be substituted for plaintiff Joseph Harvey, deceased, and DISMISS Plaintiff's claims.

6

Dated: March 28, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).