UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH HARVEY, | § | |
| | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 3:21-cv-00004-X-BT |
| | § | |
| UNITED STATES OF AMERICA et al., | § | |
| | § | |
|    *Defendants.* | § | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. [Doc. No. 201]. The Magistrate Judge concluded that non-party Anja K. Kannell, widow of deceased plaintiff Joseph Harvey, could not proceed in this civil action in place of her deceased husband "[b]ecause Kannell has not met her burden under [Federal Rule of Civil Procedure] 25(a) to show she is a proper party." Doc. No. 201 at 1.

Kannell filed objections. [Doc. No. 203]. She raised multiple arguments as to why she should be permitted to proceed in place of her husband: this is the practice "in every other part of the world," Harvey's adult sons cannot proceed in his place due to "the mental disabilities of two (2) of them and the obvious indifference of the third son," and defense counsel has "a conflict of interest" and has committed "misconduct." Doc. No. 205 at 1, 2.

Kannell makes no legal argument to counter the Magistrate Judge's conclusion that she is not a proper substitute party under Rule 25(a). She does not assert, for example, that she is the executor or primary distributee of Harvey's estate, or that she was appointed as an administrator. Her claims may establish her own interest in the case, but as the Magistrate Judge noted, Rule 25(a) "is not a vehicle to join the action and pursue vindication of [one's] own rights and interests"; instead, it is a means "to step into Harvey's position and pursue the litigation for the benefit of his estate or heirs." Doc. No. 201 at 6. Accordingly, Kannell's objections are overruled because she has not met her burden to substitute as a proper party under Rule 25(a).

This Court entered an order staying and administratively closing the case without prejudice to any non-party's ability to file a motion to substitute under Rule 25(a) after learning of Harvey's death in July 2021. Doc. No. 192. Since no other motion for substitution was made within 90 days after service of a statement noting the death, Rule 25(a) requires that the action by the decedent be dismissed.

The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendations to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. [Doc. No. 201]. The Court **DENIES** non-party Kannell's renewed *pro se* motion [Doc. No. 197] and **DISMISSES** Harvey's claims.

**IT IS SO ORDERED,** this 30th day of September, 2022.

2

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE